LYDIA A. WHITTAKER et al., Appellants, v. JAMES W. LEWIS et al.

Division One, March 2, 1915.

CONVEYANCE: Deed by Entirety: Wife's Inherited Lands. Where a husband and wife agreed and contracted with each other, after he had bought the interests of certain heirs in the land inherited from her father, that it would be conveyed to them as tenants by the entirety, to be owned by the survivor, and a deed

was drawn conveying the interests which he had purchased, but by mistake of the scrivener the interest she had inherited was not included, the deed will be reformed to express the real contract and to include her omitted interests, and her brothers and sisters will be held, after her death, to have no inheritable interest in said land as against her surviving husband.

Appeal from Marion Circuit Court.—*Hon. William T. Ragland,* Judge.

AFFIRMED.

*Eby & Hulse* for appellants.

(1) The pleadings and the evidence, and the findings of the court, show a voluntary partition as between Mary S. Lewis (under whom plaintiffs claim) and the other heirs of Benjamin M. Jones, deceased. Under this theory, the following authorities govern the case: Whitsett v. Womack, 159 Mo. 14; Snyder v. Elliott, 171 Mo. 362; Propes v. Propes, 171 Mo. 407; Sharp v. Sharp, 185 Mo. 529. (2) A deed conveying to a husband and wife her share of property in which she had an undivided interest by inheritance will vest in him no greater interest than if the deed were made to her alone. Propes v. Propes, 171 Mo. 417. (3) Two or more tenants in common (under parole or voluntary partition) may take shares as tenants in common; and it is not essential to such partition that the parceners join therein at the same time. 21 Am. & Eng. Ency. Law (2 Ed.), 1140j; Sutton v. Porter. 119 Mo. 100.

*F. H. McCullough* for respondents.

(1) James W. Lewis and his wife, Mary S. Lewis, had a perfect legal right to enter into the contract and agreement pleaded in the answer, and proven in evidence, to-wit: "That they, each, in consideration of the exchange of interests in said lands, would cause to be conveyed to this defendant, James W. Lewis, and

264Mo14

his wife, Mary S. Lewis, jointly, as tenants by the entirety, all the said lands described in the petition, which either of them then owned or might thereafter acquire by purchase under the consideration above stated, so that in the event of the death of either, this defendant or of his said wife, Mary S. Lewis, then the survivor of them would become the owner in fee simple of the entire estate in all said lands described in the petition.'' The Married Woman's Act was enacted in 1889 and this transaction occurred in the fall of 1893, and all titles were acquired after 1891. Sec. 6864, R. S. 1889, now Sec. 8304, R. S. 1909; Grimes v. Reynolds, 184 Mo. 679; Rice, Stix & Co. v. Sally, 176 Mo. 107; Bank v. Hageluken, 165 Mo. 443; O'Day v. O'Day, 194 Mo. 598. (2) Plaintiffs had received defendants money and made their solemn warranty deed to him and his wife, for seven-eights interest in all said lands, and Sidney J. Jones had afterwards conveyed the other one-eighth interest to defendant and his wife. These acts certainly estopped plaintiffs from claiming the legal title. They cannot recover on the weakness of the title in defendant but must hold the legal title, Nalle v. Thompson, 173 Mo. 595; Lajoye v. Primm, 3 Mo. 529; Cottle v. Sydnor, 10 Mo. 763; Hempstead v. Easton, 33 Mo. 142. (3) The evidence in this case shows a specific contract to create a tenancy by the entirety; a well meant effort to carry out that contract and the effect of such action was to create same. Frost v. Frost, 200 Mo. 474, is based upon a contract to create an entirety. Craig v. Bradley, 153 Mo. App. 586; Johnson v. Johnson, 173 Mo. 91. (4) In equity, where the necessary parties for a complete disposition of the cause are before the court, and such a disposition can be made it is the duty of the court to do so. Trimble v. Wollman, 71 Mo. App. 467. (5) If the warranty deeds, in question, failed to vest the entire estate in the lands described in the petition, in the plaintiff and his wife, as tenants by the entirety,

it was a mistake of fact, in the making of the deed, and equity will interpose for the relief of the purchaser or of those claiming under him. Mastin v. Halley, 61 Mo. 196; Hayden v. Lauffenburger, 157 Mo. 88; Johnson v. United Railways, 247 Mo. 326.

WOODSON, J.—The plaintiffs brought this suit in ejectment in the circuit court of Marion county, against the defendants, to recover possession of a tract of land, about fifty-seven acres, situate in said county, and particularly described in the petition.

The defendants Dearing and Music were made defendants because the defendant Lewis had executed to them a mortgage on said real estate, to secure the payment of $500, money loaned him by them.

The answer was a general denial, the ten-year Statute of Limitations, and an equitable defense, etc., which is very lengthy, and need not be here set forth, because the nature of it will fully appear from the facts of the case, which are practically undisputed, though not absolutely.

One Benjamine F. Jones, Sr., the common source of title, some time prior to November, 1891, died intestate, seized of two hundred acres of land, a part of which is the land in controversy. He left surviving him seven children and one grandson, the child of a deceased son. Their names were Mary S. Jones, who married James W. Lewis, the principal defendant in the case; Marion L. Jones, Martin V. Jones, William A. Jones, Sidney J. Jones, Benjamine F. Jones, Jr., Lydia A. Jones, who married—— Whittaker, and Samuel Jones, the son of George W. Jones, deceased.

*Contract for Deed by Entirety: Inheritable Interest.*

In May, 1908, Mary S. Lewis died intestate, leaving no children or lineal descendants, and her only heirs at law were her husband, James W. Lewis, and her brothers, sister and nephew, before mentioned.

After the death of Benjamine F. Jones, Sr., his seven children and grandson undertook to make a friendly partition of the two hundred acres of land among themselves—each being entitled to a one-eighth share therein, by executing and interchanging deeds among themselves, conveying to each other or their grantees, their respective shares in said real estate. But in doing so some of the children and the defendant James W. Lewis purchased the interest of some of the other children, and as a part of that general scheme of partition, said Lewis and wife agreed, contracted and undertook to convey her interest and the shares he had so purchased, to themselves as tenants by the entirety.

The facts of the partition and the attempted creation of the estate by the entirety between Lewis and wife were practically as follows:

On November 13, 1891, each of said children owned one undivided one-eighth interest in said land, and on said day William A. Jones and George W. Jones, for value received, by quitclaim deed, duly executed, conveyed their respective interest therein to their brothers, Martin V. Jones and Benjamine F. Jones, Jr., the plaintiffs. Thereafter, on or about November 28, 1893, the plaintiff, Marion L. Jones, for value received, $450, by deed duly executed, conveyed his undivided interest in the land to the defendant, James W. Lewis; and thereafter in 1891, said Lewis contracted and agreed to purchase for the sum of $114 the interest of Samuel Jones, the grandson. This gave him two undivided shares in the estate, and his wife, Mary S. Lewis, one share therein. Upon this state of facts the defendant James W. Lewis and his wife, Mary S. Lewis, then and there entered into a contract whereby each agreed with the other, in consideration of the exchanges or conveyances of said interests in said land between each other, as before mentioned, that they would, in a proper manner, by a gen-

eral warranty deed, cause their respective interests in the land to be conveyed to themselves jointly, as tenants, by the entirety, he having the two shares he had previosuly purchased from Marion L. Jones and Sidney J. Jones, and she having the one share she had inherited from her father.

This contract not only embraced the interest that the defendant Lewis and wife then owned in the land, but included also all the interests that they might thereafter acquire therein by purchase or otherwise from the other heirs or children of Benj. F. Jones, Sr.

At this point the record is not as clear as it might be, yet I believe it is reasonably certain that before the date of the contract mentioned, Lewis and his wife had not only acquired the interest before mentioned, but had also purchased the interests of Marion V. Jones, Benj. F. Jones, Jr., and Lydia A. Jones, in and to the land involved in this suit, some 57 1-7 acres. The deeds conveying these interests to Lewis and wife also contained a covenant of warranty as against the one-eighth interest then owned by Sidney J. Jones, then a minor.

Attending the particular facts of the actual partition they are as follows, as substantially stated by counsel for appellants:

"For the purpose of effecting a voluntary partition of said 200-acre tract as between said Mary S. Lewis and said other heirs, and thereby setting aside to Mary S. Lewis the 25 acres to which she was entitled by inheritance as aforesaid, and representing and being her one-eighth interest in said 200-acre tract; and for the purpose of conveying to said Lewis and wife, by purchase, the six-eighths interest of said Martin V. Jones, Benjamine F. Jones and Lydia A. Jones, in and to the land in controversy, and for the purpose of securing to said Lewis and wife the said one-eighth interest then owned by said mionr, Sidney J. Jones, the said Martin V. Jones, did, on November

28, 1893, make and execute their warranty deed, of that date, in which deed, the interest described as therein conveyed, was 'the undivided seven-eighths interest in' the land in controversy; said deed containing a general warranty clause. The consideration expressed in said deed was $900, $450 of which sum was paid by said James W. Lewis and $450 of said $900 consideration Mary S. Lewis paid by her 'deeding to them [grantors] her undivided interest in other lands held by her in common with grantors.''

''On August 22, 1899, said Sidney J. Jones, then being of age, and still owning his said undivided one-eighth interest in said 200-acre tract, executed, together with his wife, a general warranty deed to said James W. Lewis and Mary S. Lewis, to and for 'all the undivided one-eighth interest in' the land in controversy.''

William A. Jones, Sidney J. Jones, Benj. F. Jones, Jr., were made parties plaintiff in the case, yet that was done without their knowledge or consent, and they claim no interest in the lands whatever, and for that reason no further notice will be taken of them in this opinion.

Upon this state of facts counsel for the appellants, Lydia A. (Jones) Whittaker, Marion L. Jones and Martin V. Jones, contend that Mary S. Lewis was the owner by inheritance, as heir of her father, of seven-sixteenths of the land in controversy, and that she and her husband, the defendant, were the owners, as tenants by the entirety, of the remaining nine-sixteenths interest in the land in controversy; and that upon the death of Mary S. Lewis the appellants inherited their proportional parts of the said seven-sixteenths of the land owned by her at the time of her death.  While upon the other hand, counsel for respondent, Lewis, insist that in law, equity and good conscience he is the true and real owner of the entire fifty-seven acres, and that while the legal title to three-eighths of said seven-sixteenths may be in them, but in truth and in fact they·

hold the equitable and beneficial interests therein for use and benefit of him, the respondent.

Practically the undispted evidence shows that the scrivener who drew the deeds was not a lawyer, yet he testified that he perfectly understood the agreement between Lewis, the respondent, and his wife; that is, the interest of each was to be so conveyed that it would create an estate by the entirety between them, and that the survivor should take the entire estate; but being unfamiliar or ignorant of such matters and through mistake and lack of knowledge in such matters, he was of the opinion that the deeds drawn by him in pursuance to said contract would give to the survivor the entire estate, overlooking the fact that the wife had inherited her interest, or a part of it, from her father, which was not affected by the deeds before mentioned, and therefore that part of her interest in the land remained in her name, in violation of the understanding and agreement of them regarding the creation of the estate by the entirety, which upon her death descended to her brothers and sister.

While appellants introduced some evidence tending to show that the interest which the scrivener had in mind and about which he was testifying, was not that of Mrs. Lewis, but that of the minor, Sidney J. Jones, and therefore there was no violation of the contract between Lewis and his wife agreeing to convey their respective interests in such a manner as to create in them an estate by the entirety; yet when the testimony of the scrivener who drew the deeds, and practically all of the evidence, is considered, no fair-minded, disinterested person can reach any rational conclusion therefrom, except that through misunderstanding, mistake or ignorance of the scrivener and the parties, the seven-sixteenths of the land belonging to Mary S. Lewis was omitted from the deeds in violation of the contract previously mentioned.

The proposition was fully illustrated by the questions and answers propounded to counsel for appellants during the oral argument of the cause in this court, which were. substantially as follows: Suppose Jas. W. Lewis, instead of his wife, had died, then who would have taken the interest he had purchased and which he had conveyed to them as an estate by the entirety? Promptly the reply was: She of course. Q. And that too, notwithstanding said conveyance was made in pursuance of said contract? A. Certainly. Q. Then why is not the converse of that proposition true?" No answer. "Q. If then, as a legal proposition, if his conveyance was made in pursuance to the contract and through mistake, oversight or ignorance her interest was omitted therefrom, then by parity of reasoning, would not equity reform the deeds and make them express the real meaning of the parties?" No answer.

This is what the pleadings in the case allege, and the evidence shows that those facts are true; and in our opinion the learned chancellor below properly so found, but the court did not go far enough. It simply found for the defendants and against the plaintiffs without reforming the deeds, but as they did not appeal, nor are they here complaining of the form of the judgment, the same in our opinion, should be affirmed; and it is so ordered. All concur; *Bond, J.,* in result.